**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**WILLIAM M. QUIN II**                                                                 **PLAINTIFF**

**vs.**                                                    **Civil Action No.**     3:23-cv-3018-CWR-FKB

**TRUEFACET CORPORATION &**
**TRUEFACET JEWELRY LLC**                                            **DEFENDANTS**

---

**COMPLAINT**
**JURY TRIAL DEMANDED**

---

**NOW INTO COURT**, both in his capacity as a *pro se* litigant and in his capacity as an attorney admitted to practice before this court, comes William M. Quin II and brings this civil action for money damages against TrueFacet Corporation and TrueFacet Jewelry LLC (referred to collectively herein as "TrueFacet") and alleges as follows:

**INTRODUCTION**

1.1     TrueFacet is an online merchant that sells jewelry and watches. Its website is www.truefacet.com. TrueFacet's website describes the company's business as follows:

> TrueFacet is the modern alternative for buying jewelry and watches. We are an online marketplace rooted in trust and transparency.
>
> By integrating multiple points of expertise and relationships to ensure quality, we offer a comprehensive suite of services that makes buying easy, where every item comes with:
>
> **We verify the seller and promise authenticity. If there's ever any problem or question we will make sure the problem is resolved. Most watches come with at least a one-year warranty.**
>
> We take our job – and our customers – very seriously. Our diverse experts thoroughly vet sellers to make sure they uphold the highest level of quality and integrity. We're constantly finding new ways to provide authentic jewelry at the best value. At the end of the day, we're here for you to help you shop with confidence.

TrueFacet has official partnerships with several brands directly, where we offer brand-new jewelry and watches from our Brand Boutique with a new warranty from the brand. In the Brand Certified Pre-Owned Program, we work with brands to offer you pre-owned jewelry and watches with a 1- or 2-year warranty direct from the brand.[1]

1.2     Quin purchased a rose gold Cartier Love bracelet for his wife from TrueFacet in 2021 for $7,800.00.

1.3     Several months ago, Quin and his wife vacationed in New York. During their vacation, the couple visited the Cartier store to obtain some minor repairs to the bracelet. They left the bracelet with Cartier for the repairs.

1.4     On January 31, 2023, Cartier notified the Quins that the bracelet is inauthentic.

1.5     Quin returned the bracelet to TrueFacet and requested a new and authentic replacement bracelet, consistent with the company's authenticity guarantee. Quin paid an additional $880.00 for the new bracelet per an agreement reached with TrueFacet.

1.6     TrueFacet has refused to live up to its end of the bargain. It has retained the counterfeit bracelet that Quin returned, not provided the replacement bracelet, and has ceased all communications with Quin despite Quin's numerous attempts to complete the transaction. Adding insult to injury, TrueFacet continues to market the Cartier Love bracelet that Quin purchased on its website for sale to other unsuspecting purchasers.

1.7     Left with no alternative, Quin has brought this suit to recover compensatory damages for the harm caused by TrueFacet and to punish TrueFacet for its outlandish, bad-faith behavior.

---

[1] https://www.truefacet.com/our-story/ (emphasis in original).

## PARTIES

1.1     William M. Quin II is an adult resident citizen of Hinds County, Mississippi, and is the plaintiff in this action.

1.2     TrueFacet Corporation is a Delaware corporation that maintains its principal business place at 36 West 47th Street, Suite 603, New York, New York 10036.

1.3     TrueFacet Jewelry LLC is a Delaware limited liability company that maintains its principal place of business at 36 West 47th Street, Suite 603, New York, New York 10036.

## JURISDICTION, VENUE & JURY TRIAL DEMAND

2.1     This action involves citizens of different states and an amount in controversy that exceeds $75,000, exclusive of interest and costs. Accordingly, this court has subject matter jurisdiction under 28 U.S.C. § 1332(a). *Thomas v. NBC Universal, Inc.*, 694 F. Supp. 2d 564, 567 (S.D. Miss. 2010) (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998)) ("Claims for punitive damages are included in the calculation of the amount in controversy.").

2.2     The incident giving rise to this action occurred within the Northern Division, and accordingly, this court is an appropriate venue for this civil action.

2.3     This court has personal jurisdiction over the defendants under the Long-Arm Statute, Miss. Code Ann. § 13-3-57.

2.4     Plaintiff demands a jury trial on all issues so triable.

## SERVICE OF PROCESS

3.1     Service of process may be had on the defendants under the provisions of Fed. R. Civ. P. 4(h), which allows service of process on the corporation's or association's duly appointed agent for service of process.

3.2     Harvard Business Services, Inc. is the agent for service of process of both defendants. It may be served at 16192 Coastal Highway, Lewes, Delaware 19958.

## FACTUAL BACKGROUND

4.1     On or about December 16, 2016, Quin purchased a rose gold Cartier Love bracelet from TrueFacet through its website, www.truefacet.com, for $7,800.00. The bracelet bears serial number DYU386. A true and correct copy of the receipt is attached and incorporated as Exhibit 1 to the complaint.

4.2     Quin delivered the bracelet in early 2023 to the Cartier store in New York, New York, for minor repairs. Cartier notified Quin on January 31, 2023, that its workshop technicians determined the bracelet was not an original creation. A true and correct copy of the email from Brandon Martin at Cartier is attached and incorporated as Exhibit 2 to the complaint.

4.3     When Quin purchased the bracelet, TrueFacet promoted its authenticity guarantee, which reads on the company's website: "We verify the seller and promise authenticity. If there's ever any problem or question we will make sure the problem is resolved."[2]

4.4     Quin emailed TrueFacet on February 6, 2023, at the email address supplied for support issues, support@truefacet.com. Quin explained, "[o]n December 16, 2016, I purchased a gold Cartier Love bracelet from True Facet for $7,700.00. My credit card statement bears reference number 320163510727754776. The screws in the bracelet have become loose. My wife and I stopped by the Cartier store in Manhattan on a recent trip to New York to have the bracelet repaired. Cartier contacted my wife several days ago and notified us that the bracelet is not a genuine Cartier bracelet. As you might imagine, we are understandably upset about this and would like to speak with True Facet about our available remedies. Cartier is shipping the bracelet back to

---

[2] https://www.truefacet.com/our-story/.

4

us, but I have not yet received it. My telephone numbers are listed below. It is easiest to reach me on my mobile. I look forward to speaking with you." A true and correct copy of Quin's email to TrueFacet is attached and incorporated as Exhibit 3 to the complaint.

4.5     Hetal Mistry of TrueFacet responded to Quin's email on February 9, 2023. Mistry offered "sincere apologies for the inconvenience" and explained, "[w]e take this matter very seriously and will investigate further with our suppliers. Kindly let us know if you have received any return statement from Cartier stating the same. After we receive the item, the item will go to the service center for verification and inspection. We will make this right for you and will get the best solution for you." Mistry attached a FedEx shipping label for Quin to use in returning the item. A true and correct copy of Mistry's February 9, 2023 email is attached and incorporated as Exhibit 4 to the complaint.

4.6     On February 9, 2023, Quin forwarded the email from Brandon Martin with Cartier to Mistry. A true and correct copy of Quin's February 9, 2023, email to Mistry is attached and incorporated as Exhibit 5 to the complaint.

4.7     Quin returned the bracelet to TrueFacet on February 10, 2023, along with a copy of the order receipt documenting his purchase. Quin requested that TrueFacet "replace the enclosed bracelet with an original Cartier 18K rose gold 4-diamond size 16 bracelet. Further, I request that True Facet assure me that the replacement bracelet is a genuine Cartier creation and that, as it did with the enclosed bracelet, it guarantee authenticity." Unfortunately, Quin's letter misidentified the purchase date and price. Quin confused the date and price with another Cartier Love bracelet he purchased for his wife from TrueFacet. A true and correct copy of Quin's correspondence to TrueFacet, LLC is attached and incorporated as Exhibit 6 to the complaint.

4.8     On February 27, 2023, at 1:10 PM, Quin emailed Mistry, "I returned the bracelet to True Facet over 2 weeks ago and have not heard anything. Can you give me an update on the bracelet's review and advise as to True Facet's intentions going forward?" A true and correct copy of Quin's email is attached and incorporated as Exhibit 7 to the complaint.

4.9     On March 1, 2023, at 10:39 PM, Mistry emailed Quin, "Thank you for your email and patience. Our team is still investigating this matter and verifying the bracelet with our supplier who sold it. As soon as we hear back from them, we will get back to you with an update." A true and correct copy of Mistry's email is attached and incorporated as Exhibit 8 to the complaint.

4.10    After receiving no further information over the next two-and-a-half months, Quin emailed Mistry and revealed his frustrations and intentions. On April 12, 2023, at 1:53 p.m., Quin wrote the following in an email to Mistry:

> I returned my bracelet to True Facet over two months ago. I have reached out for updates and action on several occasions since then. I called your customer service line today for information and resolution and was told nothing more than Hetal would call me within 24 hours.
>
> True Facet's customer service has been disappointing. I relied on the company's authenticity guarantee when I purchased this bracelet. It should not take this long to live up to your end of the bargain.
>
> I expect a replacement bracelet or full refund within the next 24 hours. In the event this matter is not resolved to my satisfaction, I will be left with no option but to institute litigation against you in Mississippi.

A true and correct copy of Quin's email is attached and incorporated as Exhibit 9 to the complaint.

4.11    On April 18, 2023, at 11:28 a.m., Quin emailed Mistry, "I am reaching out to you again for an update." A true and correct copy of Quin's email is attached and incorporated as Exhibit 10 to the complaint.

4.12    "Shawn" with TrueFacet Support emailed Quin at 4:46 p.m. on April 18, 2023, and copied Mistry on the email. Shawn apologized "for the extended delays" and said that TrueFacet

was "awaiting evidence that the bracelet we received was the actual bracelet we sold and shipped out." Shawn further indicated that the bracelet Quin returned was not sold by TrueFacet and asked, "Perhaps, the bracelet shipped back to us is the wrong one?" A true and correct email copy is attached and incorporated as Exhibit 11 to the complaint.

4.13    Quin asked in a responsive email to TrueFacet Support and Mistry on April 19, 2023, at 12:11 p.m., "What is the serial number of the bracelet you sold me according to your records?" A few minutes later, Quin sent a second email in which he attempted to identify the source of the apparent confusion. Quin explained to TrueFacet Support and Mistry:

> I have purchased two gold bracelets from True Facet. One is rose gold and the other is yellow gold. On December 16, 2016, I purchased a yellow gold Cartier Love bracelet from True Facet for $7,700.00. My credit card statement bears reference number 320163510727754776. For some reason, this purchase is not documented on your website.
>
> On May 5, 2021, I purchased a rose gold Cartier Love bracelet. This purchase is documented on your website. It bears order number 100108375. This is the bracelet I returned to you. I have not purchased another rose gold Cartier Love bracelet from anyone else on any other occasion.

4.14    Unfortunately, Quin's email unintentionally muddied the water further. Quin quickly realized the issue and sent a third email to clarify the situation. Quin wrote to TrueFacet Support and Mistry, "I believe I may have discovered the source of confusion. I purchased my first Cartier bracelet from True Facet on December 16, 2016. I've attached scanned copies of the documents I received from you when I purchased this Cartier Love Rose Gold 4-Diamonds Bracelet Size 16. I've separately emailed photographs of these things to you. This is the bracelet I returned to you. For some reason, this purchase is not reflected on your website. I purchased a second Cartier Rose Gold Size 16 bracelet from you on May 5, 2021. This bracelet bears Cartier serial number ASC511." True and correct copies of Quin's emails are attached and incorporated as Exhibits 12, 13, and 14 to the complaint.

7

4.15   TrueFacet Support ultimately discovered the source of its confusion. In an email on April 19, 2023, at 5:23 p.m., TrueFacet Support explained "that we don't have this on file because the company was bought out in 2020 and the database we have show[s] no record [of] an order. With that said it is our duty to replace or refund this order. Let me talk to management and get back to you. Would you consider a replacement or credit towards another purchase? I am very sorry about this as it's not our practice nor our standards or business, we can't speak for the past but rest assured the latest one you have is 100% genuine." A true and correct copy of the email from TrueFacet Support is attached and incorporated as Exhibit 15.

4.16   Quin responded within two minutes, writing, "Yes I would like a replacement or credit, but let me double-check with my wife about her preference." Quin notified TrueFacet Support a few hours later that "[m]y wife would like a replacement bracelet but would prefer the yellow gold. I found this one [on] your website. Can you replace [it] with this one or another one like it?" TrueFacet Support responded, "The price of this one is brand new, we can provide 15% and apply the amount you originally paid and then charge the difference. Would that work for you?" A true and correct copy of these emails is attached and incorporated as Exhibit 16.

4.17   On May 24, 2023, at 3:03 p.m., Quin wrote to TrueFacet Support: "You previously offered 15% off of a new one as a replacement. Your website is advertising a 20% off special now with code SPR20%. I will buy the gold Cartier 4-diamond size 16 in the attached link for 20% plus a credit for the amount I paid for the bracelet that was returned. The total owed by me would be $880 (The match is $10,850 x .8 = $8,680 - $7,800 = $880). The link is below." A true and correct copy of this email is attached and incorporated as Exhibit 17.

4.18   On May 30, 2023, at 1:20 p.m., TrueFacet Support responded, "Ok sounds good Billy, Hetal will provide the custom code to accommodate. This order will take up to 4 weeks for

delivery, are you ok with that?" Quin replied, "Ok." True and correct copies of these emails are attached and incorporated as Exhibit 18.

4.19    On June 2, 2023, at 3:58 p.m., Mistry emailed a link to purchase the new bracelet and a coupon code, allowing Quin to buy the new one for $880.00. A true and correct copy of this email is attached and incorporated as Exhibit 19.

4.20    On July 17, 2023, at 2:44 p.m., Quin sent the following email to TrueFacet Support and Mistry: "I ordered and paid for the bracelet on 06/02/2023. Over 6 weeks have passed since then. Can you please expedite the order and let me know when I will receive the bracelet? I've copied the order information below." A true and correct copy of this email is attached and incorporated as Exhibit 20.

4.21    TrueFacet Support responded to Quin's email: "Hi Billy, Thank you for your patience and our apologies for the delays. Our service center has notified us that your order is scheduled to be shipped out by next week. We have also upgraded your order to overnight shipping and once your order is ready to ship, you will receive an email with tracking information." True and correct copies of these emails are attached and incorporated as Exhibit 21.

4.22    On July 27, 2023, at 10:50 a.m., Quin emailed TrueFacet Support and Mistry, "Can you please check on this again? Ten days have passed, and it hasn't been received, and as far as I know, it hasn't shipped." Four days later, on July 31, 2023, at 12:14 p.m., Quin once again asked, "Will you please update me on the status of this?" Three hours later, TrueFacet Support responded:

> Thank you for your patience and our sincere apologies for the delays. Unfortunately, we are still waiting to receive the Cartier bracelet from our supplier and due to supply chain issues there have been delays in receiving the Cartier bracelet from the suppliers at our service center. Our truest apologies for the inconvenience. We highly request you to wait for 2-3 weeks to get your order processed and shipped, and if you do not wish to wait, then we can cancel your order and process the refund. Kindly let us know how you would like to proceed.

A true and correct copy of these emails is attached and incorporated as Exhibits 22, 23 and 24.

4.23    Quin responded a few minutes later, "My wife wants the bracelet but this has become ridiculous. Two months have passed since I paid, which was months after I first brought the matter to your attention. And that was because you[r] predecessor in interest sold me a fake. Please do everything you can to expedite[] this order. I feel like I have been more than accommodating to you." A true and correct copy of this email is attached and incorporated as Exhibit 25.

4.24    On August 24, 2023, at 5:35 p.m., Quin once again emailed TrueFacet Support, "Over 3-weeks have passed since you sent the request on July 31, 2023, that I wait another 2-3 weeks for the bracelet. What is the status now?" Receiving no response, Quin emailed TrueFacet Support again on August 28, 2023, at 6:01 p.m., "Will you please tell me when I will receive the bracelet? This has gone on far too long, and I have been more than accommodating. You are advertising the bracelet I purchased now on your website, but you have told me that you don't have the bracelet. I feel like I've gotten the runaround, and I'm losing patience." True and correct copies of these emails are attached and incorporated as Exhibits 26 and 27.

4.25    On September 6, 2023, at 12:38 p.m., Quin sent his final demand to TrueFacet Support and Mistry. It reads: "Please consider this my final demand that you provide me with the bracelet I purchased. Should I not receive it within a week from today, I will file suit against you in the United States District Court for the Southern District of Mississippi." A true and correct copy of this email is attached and incorporated as Exhibit 28.

## CAUSES OF ACTION

## CLAIM NO. 1: FRAUDULENT INDUCEMENT & MISREPRESENTATION

5.1     Plaintiff incorporates the contents of the preceding and following paragraphs into this count as if fully set forth herein.

5.2     The elements of fraud are (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation should be acted upon by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on the representation's truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.

5.3     This case satisfies the elements of a fraud claim concerning Quin's purchase of the inauthentic Cartier bracelet and his subsequent purchase of a replacement bracelet. Concerning Quin's purchase of the original bracelet:

1. TrueFacet represented to Quin that it was selling an authentic Cartier Love bracelet;

2. TrueFacet's representation was false because the bracelet is not an authentic Cartier Love bracelet;

3. The representation was material because Quin would not have purchased an inauthentic bracelet and only intended to purchase an authentic bracelet;

4. TrueFacet knew then and knows now that its representation was false;

5. TrueFacet intended that Quin would act upon its representation in the manner in which Quin acted – i.e., that Quin would pay them money;

6. Quin was ignorant of the falsity of TrueFacet's representation;

7. Quin relied upon TrueFacet's false representation;

8. Quin had a right to rely upon TrueFacet's false representation; and

9.  Quin has sustained consequential and proximate financial losses.

5.4     Concerning Quin's purchase of the replacement bracelet:

1.  TrueFacet represented to Quin that it would credit the amount that Quin paid for the original bracelet and would supply Quin with a new bracelet if Quin would pay an additional $880.00;

2.  The representation proved false because TrueFacet failed to supply Quin with a new bracelet;

3.  The representation was material because the subject matter was the essential element of the misrepresentation;

4.  TrueFacet knew then and knows now that its representation was false;

5.  TrueFacet intended that Quin would act upon its representation in the manner in which Quin acted – i.e., that Quin would pay them money;

6.  Quin was ignorant of the falsity of TrueFacet's representation;

7.  Quin relied upon TrueFacet's false representation;

8.  Quin had a right to rely upon TrueFacet's false representation; and

9.  Quin has sustained consequential and proximate financial losses.

5.5     Quin demands recovery from TrueFacet of all compensatory damages caused by its fraud, including special, general, economic, and noneconomic damages.

5.6     Quin also demands punitive damages, attorneys' fees, and costs from TrueFacet due to the malicious, bad-faith conduct outlined in this count and the other counts in the complaint.

**CLAIM NO. 2: NEGLIGENT INDUCEMENT & MISREPRESENTATION**

6.1     Plaintiff incorporates the contents of the preceding and following paragraphs into this count as if fully set forth herein.

12

6.2     The elements of negligent misrepresentation are (1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) that the person/entity charged with the negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons/entities; (4) that the plaintiff reasonably relied upon the misrepresentation or omission; and (5) that the plaintiff suffered damages as a direct and proximate result of such reasonable reliance.

6.3     This case satisfies the elements of a negligent misrepresentation claim concerning Quin's purchase of the inauthentic Cartier bracelet and his subsequent purchase of a replacement bracelet. Concerning Quin's purchase of the original bracelet:

1. TrueFacet misrepresented to Quin that it was selling him an authentic Cartier Love bracelet;

2. The representation was material and significant because Quin would not have purchased an inauthentic bracelet;

3. TrueFacet failed to exercise reasonable diligence and the expertise that the public, including Quin, is entitled to expect from it;

4. Quin reasonably relied upon TrueFacet's misrepresentation; and

5. Quin has sustained consequential and proximate financial losses.

6.4     Concerning Quin's purchase of the replacement bracelet:

1. TrueFacet misrepresented to Quin that it would credit the amount that Quin paid for the original bracelet and would supply Quin with a new bracelet if Quin would pay an additional $880.00;

2. The representation was material and significant because the subject matter was the essential element of the impending transaction, and Quin wanted to receive a new bracelet on those terms;

3. TrueFacet failed to exercise reasonable diligence and the expertise that the public, including Quin, is entitled to expect from it;

4. Quin reasonably relied upon TrueFacet's misrepresentation; and

5. Quin has sustained consequential and proximate financial losses.

6.5    Quin demands recovery from TrueFacet of all compensatory damages caused by its negligent misrepresentations, including special, general, economic, and noneconomic damages.

6.6    Quin also demands punitive damages, attorneys' fees, and costs from TrueFacet due to the malicious, bad-faith conduct outlined in this count and the other counts in the complaint.

**CLAIM NO. 3: BREACH OF CONTRACT**

7.1    Plaintiff incorporates the contents of the preceding and following paragraphs into this count as if fully set forth herein.

7.2    The elements of a breach of contract are (1) the existence of a valid and binding contract; (2) that the defendant has broken or breached it; and (3) that the plaintiff has thereby been damaged monetarily.

7.3    These elements are met in this case concerning the inauthentic and replacement bracelets. Concerning the inauthentic bracelet: (1) Quin and TrueFacet had a valid and binding contract that called for TrueFacet to supply Quin with an authentic Cartier Love bracelet in exchange for Quin's payment of money to TrueFacet; (2) TrueFacet failed to deliver an authentic Cartier Love bracelet to Quin and instead delivered an inauthentic bracelet; and (3) Quin has lost the money that he paid to TrueFacet for the inauthentic bracelet.

7.4     Concerning the replacement bracelet: (1) Quin and TrueFacet had a valid and binding contract that called for TrueFacet to supply Quin with a replacement bracelet in exchange for Quin's payment of money to TrueFacet; (2) TrueFacet failed to deliver the replacement bracelet after Quin paid the money; and (3) Quin has lost the money that he paid to TrueFacet for the replacement bracelet.

7.4     Quin demands recovery from TrueFacet of all compensatory damages caused by its breaches of contract, including special, general, economic, and noneconomic damages.

7.5     Quin also demands punitive damages, attorneys' fees, and costs from TrueFacet due to the malicious, bad-faith conduct outlined in this count and the other counts in the complaint.

## COUNT NO. 4: CIVIL CONSPIRACY

8.1     Plaintiff incorporates the contents of the preceding and following paragraphs into this count as if fully set forth herein.

8.2     To establish liability based on a civil conspiracy, a plaintiff must prove by clear and convincing evidence that (1) two or more people or legal entities; (2) agreed to accomplish an unlawful purpose or a lawful purpose by unlawful means; (3) accomplished the underlying tort; and (4) caused damages.

8.3     These elements are met in this case, to wit: (1) the defendants are separate entities; (2) they agreed to defraud Quin; (3) they defrauded Quin; and (4) Quin sustained damage.

8.4     Quin demands recovery from TrueFacet Jewelry LLC and TrueFacet Corporation of all compensatory damages caused by their civil conspiracy to breach contracts and defraud him, including special, general, economic, and noneconomic damages.

15

8.5     Quin also demands punitive damages, attorneys' fees, and costs from TrueFacet

Jewelry LLC and TrueFacet Corporation due to the malicious, bad-faith conduct outlined in this

count and the other counts in the complaint.

**WHEREFORE, PREMISES CONSIDERED,** William M. Quin II demands a joint and

several judgment against TrueFacet Corporation and TrueFacet Jewelry LLC for all compensatory

and punitive damages awarded by the jury. Quin also demands attorneys' fees, costs, other

available legal and equitable relief, and any relief the Court deems appropriate.

**RESPECTFULLY SUBMITTED,** this 19th day of October 2023.

By:     _____

William M. Quin II (MS Bar # 10834)
**MCCRANEY MONTAGNET QUIN & NOBLE, PLLC**
602 Steed Rd., Ste. 200
Ridgeland, MS 39157
Telephone:     (601) 707-5725
Facsimile:      (601) 510-2939
Email:           wquin@mmqnlaw.com